EL PUEBLO DE PUERTO RICO, demandante y apelante *v.* RAFAEL SURÍS FERNÁNDEZ, acusado y apelante.

No. 3993—*Sometido:* Enero 15, 1930—*Resuelto:* Enero 31, 1930.

*J. A. Surís,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La denuncia en este caso es como sigue:

"Yo, Anacleto Soto, P. I. No. 636, vecino de Cabo Rojo, P. R., calle de Salvador Brau No. 57, mayor de edad, formulo denuncia contra Rafael Surís Fernández, chofer No. 34184, res. en Mayagüez, P. R., por delito de viol. al art. 12 (a y b) de la ley de automóviles de Puerto Rico, cometido de la manera siguiente:

"Que en mayo 4, 1929, a las 10.00 P.M. y en la calle Carbonell de la ciudad de Cabo Rojo, P. R., del Distrito Judicial Municipal de Cabo Rojo, que también forma parte del Distrito Judicial de Mayagüez, P. R., el referido acusado, Rafael Surís Fernández, chauffeur No. 34184, allí y entonces, a la terminación de la calle Carbonell, salida para Mayagüez, ilegal, voluntaria y maliciosamente violó la ley de automóviles de Puerto Rico, mientras guiaba el automóvil. No. P–2693 propiedad de Fernando Surís, de Mayagüez, no ejerciendo el debido cuidado ni tomando las precauciones razonables para garantizar la seguridad de vidas y propiedades al marchar por la mencionada calle Carbonell con dirección a Mayagüez, en momentos que dicha calle se hallaba muy concurrida debido a la salida del cine situado en la misma, no haciendo uso de los frenos para reducir la velocidad al acercarse a los viandantes qué marchaban en la misma dirección, dando lugar a que dicho vehículo chocase con el automóvil Ford No. 1212 que guiaba Francisco Figueroa, causándole desperfectos y luego se fué sobre la persona del Sr. Esperanza Toro a quien arrolló tirándole al suelo, produciéndole varias contusiones en distintas partes del cuerpo; siguiendo su marcha aceleradamente sin detenerse a dar su nombre, dirección, número de placa, etc., ni reportar el accidente a la estación de policía de esta localidad."

Oído el caso en apelación por la corte de distrito de Mayagüez, ésta, por sentencia de 29 de Junio de 1929, condenó al acusado a la pena de $60 de multa, o un día de arresto por cada dollar que dejare de pagar. Contra esta sentencia se ha interpuesto la presente apelación.

■ Los errores señalados son dos. Refiérese el primero a la apreciación de la prueba; y se formula así:

"La Corte de Distrito de Mayagüez erró al condenar al acusado por el delito imputádole de inf. al art. 12, letras (a) y (b), de la ley de automóviles basado en la evidencia presente, que es insuficiente para probar las alegaciones de la denuncia."

Hemos leído la transcripción de la evidencia. Y de tal

lectura resulta que la prueba fué más que bastante para justificar la sentencia. Bastaría la declaración del testigo de defensa Alfredo Font, para que la sentencia tuviera las garantías necesarias.

Hemos repetido en muchas decisiones que si hay prueba contradictoria, este Tribunal no revocará la conclusión que en cuanto a ella haga el inferior a menos que se nos demuestre que en ella influyeron la pasión, el prejuicio o la parcialidad, o que un grave y manifiesto error fué cometido. Nada de esto hay en el presente caso.

El segundo señalamiento de error es:

"La corte inferior erró al aumentarle la sentencia de $25.00 de multa que le impuso la corte municipal al acusado Rafael Surís a $60.00 de multa, demostrando prejuicio y pasión en aumentar la pena sin fundamento alguno que lo justificara, según la prueba que desfiló ante dicha corte."

Declaramos que la corte de distrito tiene el derecho, en apelación, de cambiar y graduar la pena que la municipal había impuesto. Cuando se va a un juicio *de novo,* no puede esperarse que subsista necesariamente lo hecho en el tribunal *a quo:* la corte de distrito actúa libremente, y así también juzga y condena.

El acusado, por llevar su automóvil a velocidad cuando pasaba por un sitio en que había concurrencia de personas, por no tener precaución y por no usar el freno a tiempo, atropelló a un viandante. Estos hechos son en violación de la ley de automóviles; y no hace falta apasionarse o sentir prejuicio para imponer la pena que impuso la corte de distrito, que fué una pena justa.

*La sentencia apelada debe ser confirmada.*